**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0989-22

TG ACQUISITIONS, LLC,

    Plaintiff-Appellant,

v.

BOROUGH OF FREEHOLD and
MAYOR AND COUNCIL OF
THE BOROUGH OF FREEHOLD,

    Defendants-Respondents.

_____

Argued February 26, 2024 – Decided July 2, 2024

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0684-22.

Donna M. Jennings argued the cause for appellant (Wilentz, Goldmanfaif and Spitzer PA, attorneys; Donna M. Jennings, of counsel and on the briefs).

Matthew R. Goode argued the cause for respondents (Arbus, Maybruch & Goode, attorneys; Matthew R. Goode, on the brief).

PER CURIAM

Plaintiff TG Acquisitions, LLC, appeals from the trial court's October 20, 2022 order granting defendant Borough of Freehold summary judgment. Based on our review of the record and the applicable legal principles, we affirm.

I.

Plaintiff is a real estate developer with experience in developing mixed-use properties with affordable housing. It purchased property in Freehold identified as Block 110, Lots 8 and 8.01 ("500 Park Avenue property"). Plaintiff filed a builder's remedy lawsuit on March 9, 2022, seeking both a declaration that Freehold was in violation of its constitutional obligation to provide realistic opportunities for the construction of affordable housing for low- and moderate-income families and a builder's remedy seeking to rezone the 500 Park Avenue property to allow for the construction of two multi-family inclusionary residential buildings consisting of a total of 147 units, with twenty-two of those set aside for low- and moderate-income housing. A week later—on March 16, 2022—Freehold filed a declaratory judgment action seeking a determination that it had complied with its fair share housing obligations under the Mount Laurel doctrine[1] and the New Jersey Fair Housing Act, N.J.S.A. 52:27D-301 to -329.

_____

[1] See S. Burlington Cnty. N.A.A.C.P. v. Twp. of Mount Laurel (Mount Laurel I), 67 N.J. 151, 174 (1975) (holding developing municipalities are under a

By way of background, plaintiff notes its affiliate companies, CT95-CT07 200 Park LLC and DT95-DT07 200 Park LLC ("CT95/DT95"), had previously filed a builder's remedy on October 10, 2019, against Freehold in a separate action. The builder's remedy action was filed following what plaintiff characterizes as failed negotiations between the parties to develop low- and moderate-income residential housing at the 200 Park Avenue property in Freehold. Ultimately, a settlement was reached between the parties in February 2022, but plaintiff alleges Freehold "dragged its feet" in coming to that agreement.

Plaintiff also references a "related" matter involving the Borough of Matawan in which another affiliate of plaintiff ("160 Main"), which was also represented by plaintiff's law firm, sought to negotiate construction of a mixed-use development with an affordable housing component. Matawan was represented by Freehold's former law firm—the Rainone firm. Plaintiff alleges the Rainone firm "blindside[d]" plaintiff in the Matawan case by filing a declaratory judgment action to cut off plaintiff's relief through a builder's

---

constitutional obligation to provide a realistic opportunity for the creation of affordable housing) and S. Burlington Cnty. N.A.A.C.P. v. Mount Laurel Twp. (Mount Laurel II), 92 N.J. 158 (1983) (clarifying and reaffirming that constitutional requirement).

A-0989-22

remedy suit after engaging in months of negotiations. Plaintiff contends the history of "bad faith in prior dealings with the Rainone Firm" justified plaintiff in seeking a builder's remedy in the present matter.

In the present action, in September 2022, Freehold moved for summary judgment. It argued plaintiff failed to obtain relief through negotiations with Freehold before filing its builder's remedy action. Moreover, Freehold contended plaintiff was not entitled to a builder's remedy because the declaratory judgment action would ensure review of Freehold's compliance with its Mount Laurel obligations. Freehold further argued plaintiff could intervene in the declaratory judgment action to obtain relief.

The trial court, as discussed more fully below, granted summary judgment noting a determination on whether Freehold failed to create a realistic opportunity for the development of affordable housing would be addressed in the declaratory judgment action, and that plaintiff was required to negotiate with Freehold regarding its interest in developing the 500 Park Avenue property prior to filing its builder's remedy lawsuit. Moreover, plaintiff's interest in developing the property could be adequately addressed by the interested party, Fair Share Housing Center, in Freehold's declaratory judgment action.

A-0989-22

II.

Plaintiff argues the trial court erred in granting summary judgment because Freehold's motion was premature. Plaintiff further alleges the court erred in failing to find any efforts by plaintiff to negotiate with Freehold because negotiations would have been futile based on Freehold's past record. Plaintiff further contends the court erred in finding plaintiff should be limited to intervening in Freehold's declaratory judgment action.

A trial court must grant a summary judgment motion if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.; see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). On appeal, we employ the same summary judgment standard. Townsend v. Pierre, 221 N.J. 36, 59 (2015). If there is no factual dispute, and only a legal issue to resolve, the standard of review is de novo, and the trial court rulings "are not

A-0989-22

entitled to any special deference." Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

## A.

Plaintiff relies on Oceanport Holding, LLC v. Borough of Oceanport for the proposition that the trial court prematurely addressed Freehold's argument that plaintiff failed to negotiate in good faith prior to filing its builder's remedy action. 396 N.J. Super. 622, 633 (App. Div. 2007). Plaintiff asserts that a premature adjudication of plaintiff's entitlement to a builder's remedy would undermine the policy of encouraging Mount Laurel actions by developers to promote compliance by municipalities with the obligation to provide an opportunity for affordable housing. It asserts the summary judgment motion should have been denied so the trial court could first adjudicate whether Freehold satisfied its constitutional obligations to provide its fair share of affordable housing.

In Mount Laurel II, our Supreme Court noted:

> Builder's remedies will be afforded to plaintiffs in Mount Laurel litigation where appropriate, on a case-by-case basis. Where the plaintiff has acted in good faith, attempted to obtain relief without litigation, and thereafter vindicates the constitutional obligation in Mount Laurel-type litigation, ordinarily a builder's remedy will be granted, provided that the proposed project includes an appropriate portion of low and

6

moderate income housing, and provided further that it is located and designed in accordance with sound zoning and planning concepts, including its environmental impact.

[92 N.J. at 218 (emphasis added).]

The trial court noted that our courts have upheld the obligation of developers to attempt to obtain relief in good faith. See Toll Bros. v. Twp. of W. Windsor, 173 N.J. 508, 559-60 (2002); Cranford Dev. Assocs., LLC v. Twp. of Cranford, 445 N.J. Super. 220, 226-27 (App. Div. 2016). We held in Oceanport, however, that a developer's obligation to seek relief from the zoning applicable to its property without litigation is "relevant only to the developer's entitlement to a builder's remedy. A developer does not have to make this showing in order to have standing to maintain a Mount Laurel action." 396 N.J. Super. at 624. Specifically, we noted:

[I]f a trial court determined that a plaintiff-developer was not entitled to a builder's remedy before adjudicating the constitutionality of the municipality's zoning, the developer would be likely to dismiss the action because it no longer would have a sufficient financial incentive to pursue its claim. Therefore, a premature adjudication of a plaintiff-developer's entitlement to a builder's remedy would undermine the Court's policy of encouraging Mount Laurel actions by developers to promote compliance by municipalities with the obligation to provide their fair share of affordable housing.

7

[Id. at 633.]

The trial court here distinguished Oceanport, noting the plaintiff there had submitted a concept for the development of the property that included affordable housing and engaged in discussions with Oceanport regarding the plan. The developer filed a builder's remedy lawsuit, and Oceanport sought to dismiss the complaint, alleging the plaintiff failed to negotiate in good faith. The trial court in Oceanport dismissed the plaintiff's action. Id. at 626-27. We reversed, noting:

> In dismissing plaintiff's complaint on the ground it had failed to negotiate in good faith to obtain relief from the zoning applicable to its property without litigation, the trial court effectively converted this precondition for entitlement to a builder's remedy into a precondition for maintenance of a Mount Laurel action. However, the right to maintain an action is a standing not a remedies issue, see Anderson v. Sills, 56 N.J. 210, 220-21 (1970), and the New Jersey courts have traditionally taken a liberal approach to issues of standing, see Crescent Park Tenants Assoc. v. Realty Equities Corp., 58 N.J. 98, 107-12 (1971). Moreover, the Court indicated in Mount Laurel II that "the need for a 'liberal approach' to standing is especially important in Mount Laurel litigation." 92 N.J. at 337.
>
> Under this liberal approach, a plaintiff-developer has standing "to pursue an action simply to vindicate the Mount Laurel right without seeking a builder's remedy." Id. at 327, 456. Similarly, a developer who seeks a builder's remedy but is unable to satisfy one of the preconditions for such relief has standing to

continue a <u>Mount Laurel</u> action.  <u>See</u> <u>id.</u> at 316, 321.
Therefore, there is no basis for requiring a plaintiff-developer to show that it has satisfied a precondition for obtaining a builder's remedy in order to pursue a <u>Mount Laurel</u> action.

[<u>Id.</u> at 631-32.]

The trial court here noted our decision in <u>Oceanport</u> was distinguishable from the present matter.  First, the court noted that plaintiff did not provide "any notice to . . . Freehold of its proposed affordable housing-inclusive development, or any information concerning its project.  Unlike in the <u>Oceanport</u> . . . matter, [plaintiff] did not make any presentation or engage in any negotiations with . . . Freehold concerning its proposed project."

In <u>Oceanport</u>, we noted:

A court ordinarily will not consider the remedies to which a party may be entitled until that party has established its cause of action.  In a <u>Mount Laurel</u> case, the cause of action is the alleged unconstitutionality of the defendant-municipality's zoning because of its failure to provide for the municipality's fair share of affordable housing.  <u>See</u> <u>Mount Laurel II</u>, 92 N.J. at 214-16.  If a plaintiff establishes this cause of action, the trial court then proceeds to the remedies stage of the case. <u>Id.</u> at 278.

[396 N.J. Super. at 630.]

The trial court here noted, "[a]bsent evidence of an attempt to negotiate, the developer may be able to successfully show that the municipality's zoning

9

plan is unconstitutional . . . but the developer would be unable to obtain the site-specific remedy sought—court-ordered approval for the . . . builder's property." The trial court further observed:

> In the present builder's remedy action, while plaintiff . . . would be able to proceed on the claim that [Freehold's] zoning plan is unconstitutional, arguing that it does not sufficiently provide for the development of affordable housing, absent efforts to negotiate with [Freehold] prior to the filing of a builder's remedy complaint or showing that negotiations would be futile, plaintiff is not entitled to a site-specific builder's remedy . . . .

Notably, the court further observed, "[t]he issue to be decided by the court in the present builder's remedy suit is thus simply whether the municipality's zoning plan passes constitutional muster. A determination on this issue can and in fact will be made in [Freehold's declaratory judgment] action." Accordingly, the trial court noted the issue before it did not concern, unlike the Oceanport case, whether plaintiff had standing to proceed in the builder's remedy action. Rather, the court noted the issue before it was whether plaintiff should be permitted to proceed when there is a declaratory judgment action filed by Freehold addressing "the issue of whether [Freehold] has failed to create a realistic opportunity for the development of affordable housing," which is the

A-0989-22

precise issue that would initially be addressed in plaintiff's builder's remedy lawsuit.

We affirm substantially for the reasons set forth by the trial court. Plaintiff will have the opportunity to assert the same arguments in the declaratory judgment action challenging Freehold's assertion that it satisfied its constitutional obligation by creating a realistic opportunity for the development of affordable housing. The Oceanport case did not involve a parallel declaratory judgment action. In short, we discern no error by the trial court on this issue.

B.

Plaintiff next argues the trial court erred by failing to find plaintiff's duty to negotiate with Freehold was discharged because any efforts to negotiate would have been futile. Plaintiff contends the trial court improperly characterized its action in filing the builder's remedy lawsuit as a "race to the courthouse." Plaintiff further asserts it was compelled to file the builder's remedy lawsuit because of the bad faith efforts of defendant's prior attorney. Plaintiff also asserts the trial court did not properly consider the record of negotiations involving Freehold and the Rainone firm.

Plaintiff recounts its years of discussions with Freehold to develop a similar site for affordable housing and the Rainone law firm's actions, in another

11

case involving Matawan, to cut off plaintiff's affiliates' access to a builder's remedy. Plaintiff alleges its affiliate 160 Main put Matawan on notice regarding its non-compliance with its fair share housing obligations. Plaintiff contends the Rainone firm assured 160 Main it was waiting for the planner's review of a concept plan, but the negotiations were actually "a guise to forestall a lawful builder's remedy action by 160 Main." Plaintiff asserts that given the Rainone firm's actions in the Matawan matter, it was concerned that defendants would rush to file a declaratory judgment action here and that any efforts to negotiate would be futile. Plaintiff maintains the Rainone firm's failure to engage in good faith negotiations in a virtually identical case in Matawan demonstrates that plaintiff approaching Freehold regarding the 500 Park Avenue property in this matter "would have resulted in [d]efendants rushing to file a declaratory judgment action" even though they were on notice for a number of years their ordinance did not provide a realistic opportunity to develop affordable housing.

Plaintiff further alleges that it was discharged of its duty to negotiate with Freehold before initiating its builder's remedy suit because of the futility of further negotiations. Plaintiff contends that despite a settlement ultimately reached with Freehold regarding the 200 Park Avenue property, the court failed to consider the record as a whole and the Rainone firm's tactics in the Matawan

12

case. Plaintiff contends there is no need to exhaust administrative remedies when the pursuit of those remedies would be futile or illusory.

We are unpersuaded by plaintiff's arguments regarding the futility issue. The trial court considered the history between the parties, along with plaintiff's argument regarding the Matawan case. The court properly rejected plaintiff's arguments regarding the relevance of the Matawan case and the prior history of negotiations with Freehold in the 200 Park Avenue matter. Specifically, the court noted:

> This court can take judicial notice that the governing body of . . . Matawan is a different body than the governing body of . . . Freehold. What . . . Matawan has or has not done with reference to its Mount Laurel obligations is not relevant to the present matter. While Matawan and Freehold . . . may both be represented by the same law firm, the court cannot conclude based upon the information presented that any steps taken . . . by . . . Matawan are attributable [to Freehold's prior law firm]. What has or has not happened in . . . Matawan . . . is not relevant to the present matter and cannot be considered by this court on the present motion.

The court further noted, "[p]erhaps the best evidence of whether efforts to negotiate with . . . Freehold on the interest of [plaintiff] to develop the subject property is found in the manner in which the [CT95/DT95] . . . matter was resolved." The court noted that Freehold settled the builder's remedy lawsuit

13

with plaintiff's affiliate in that separate action. The court commented, "[i]t is difficult to imagine the presentation of clearer evidence that efforts to negotiate the development of property to include affordable housing [within Freehold] can succeed . . . ." As the court observed, Freehold had entered into a settlement with plaintiff's affiliate a month prior to the filing of the builder's remedy action in this case. Accordingly, the court concluded, "[t]he assertion by [plaintiff] that any effort to reach a negotiated resolution of its claim with . . . Freehold would have been futile is not factually supported and is thus rejected by this court." We find no basis to disturb the court's conclusions.

## C.

Plaintiff next contends the trial court erred in finding plaintiff should be limited to intervening in the declaratory judgment action because Freehold had not yet received immunity from the builder's remedy lawsuits. Plaintiff asserts Freehold did not file a declaratory judgment action back in July 2015 because it had not received substantive certification from the Council on Affordable Housing. Although Freehold indicated in response to the builder's remedy action concerning the 200 Park Avenue property that it planned to file a declaratory judgment action, it failed to do so until after the underlying builder's remedy action was filed. Plaintiff asserts Freehold delayed until it finally

14

indicated at a case management conference in February 2022, it would file a declaratory judgment action by March 18, 2022. Plaintiff asserts because of these delays, it had no reason to expect defendants would follow through with such filing and therefore proceeded with its builder's remedy action. Because Freehold failed to comply with its obligations to provide realistic opportunities for the construction of low- and moderate-income housing and failed to file in a timely manner for immunity, plaintiff argues it was appropriate for it to file a builder's remedy suit. Plaintiff further contends Freehold has an "urgent" need for affordable housing that has not been met, and it is entitled to a builder's remedy as a matter of law. Plaintiff argues its "right to a builder's remedy is not obviated by the mere possibility of an interested party advocating on its behalf in the declaratory judgment action."

Freehold counters that in order to succeed in a builder's remedy action, the developer must demonstrate noncompliance of the ordinance and propose a project with a substantial amount of affordable housing that is suitable for the site. Mount Laurel II, 92 N.J. at 279-80. At that point, builder's remedies will be afforded to plaintiffs "[w]here the plaintiff has acted in good faith [and] attempted to obtain relief without litigation." Id. at 218. Freehold contends that a municipality's failure to timely file for immunity is immaterial to whether a

builder's site-specific remedy will lie. It further notes that plaintiff's builder's remedy was not obviated by the declaratory judgment action but rather its failure to approach Freehold with a plan prior to filing this suit.

We affirm substantially for the reasons set forth by the trial court in addressing this issue. The court noted:

> There are two matters pending before this court, the builder's remedy suit filed by [plaintiff] and the [declaratory judgment] action filed by . . . Freehold. [Plaintiff] cannot obtain an actual builder's remedy, that is, approval for development of its property in its builder's remedy suit because it did not attempt to negotiate a resolution with [Freehold] before filing the builder's remedy lawsuit and . . . has not shown that it would have been futile to do so.

The trial court properly noted that plaintiff's builder's remedy lawsuit requires that a determination be made as to whether Freehold's zoning plan provides a constitutionally acceptable opportunity for the development of affordable housing. However, "the same determination can, and will be made in [Freehold's declaratory judgment] action." The court determined that as a matter of judicial economy, it did not make sense for parallel matters to proceed. Specifically, the court noted:

> It would constitute [an] inappropriate waste of resources on the part of . . . Freehold, Fair Share Housing Center, the Special [Adjudicator] appointed in <u>Mount Laurel</u> proceedings . . . to allow both matters,

16

the [declaratory judgment] action and the builder's remedy action, to proceed at the same time.

The court noted the evidence presented indicates that while Freehold did not file a declaratory judgment action immediately following the Supreme Court's decision in Mount Laurel IV[2] in 2015, it was "not sitting idly by waiting for a builder's remedy action to be filed before taking action." The court noted that it is "more appropriate" to address Freehold's constitutional obligation to provide an opportunity for the development of affordable housing in the declaratory judgment action. The court further stated that plaintiff alleged Freehold had an unmet need of eighty-five housing units. However, "[t]he Fair Share Housing [Center] is an interested party in the [declaratory judgment] action, as it is in all Mount Laurel matters, and the court finds it difficult to imagine that the [Center] will not take notice of [plaintiff's] interest in developing residential housing" in Freehold. Accordingly, the court granted Freehold summary judgment. We discern no basis to disturb that decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] In re Adoption of N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 7 (2015).

A-0989-22